DPS-159 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-5448

IN RE: FRANK SONTAG,
Petitioner

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. No. 97-cv-00349)

Submitted Under Rule 21, Fed. R. App. Pro.
March 23, 2006
Before:   ROTH, FUENTES AND VANANTWERPEN, Circuit Judges.

(Filed:  May 31, 2006)

OPINION

PER CURIAM

Frank Sontag pleaded no contest to state charges arising from the sexual assault of his stepdaughter. The United States District Court for the Western District of Pennsylvania denied his habeas corpus petition, and we declined to issue a certificate of appealability. Sontag has filed a petition for a writ of mandamus pursuant to 28 U.S.C. § 1651 asking us to order the District Court to "address the state and local frauds," "correct

all the court records," and "determine the real parties of interest in this fraud scheme." Sontag also asks that we issue "indictments[] to resolve these issues," "make sure that any State which refuses to uphold the United States Constitution faces the wrath of the Federal Courts," and "set up procedures that will prevent this heinous activity from happening in the future." Petition at 19.

Mandamus is a "drastic remedy" which is generally used to "'confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976) (citations omitted). Only "'exceptional circumstances amounting to a judicial "usurpation of power"'" warrant the use of this extraordinary remedy. Id. (citation omitted).

Even if the relief sought were within this Court's authority, a petition for a writ of mandamus is not the proper vehicle for Sontag's claims. Most of them were previously raised in his appeal of the District Court's denial of his habeas petition. The fact that Sontag was unsuccessful in that appeal is not grounds for pursuing mandamus relief. In his single new argument, Sontag contends that the District Court based its denial of his claims on a misunderstanding of the state court record with regard to certain testimony given by the victim at the preliminary hearing. He alleges that this misunderstanding is due to fraud on the part of the government. However, these arguments are more properly brought in an appeal or a motion for reconsideration. A mandamus petition is not a substitute for an appeal; if a petitioner can obtain relief by an ordinary appeal, a court will

not issue the writ.  See <u>In Re Ford Motor Co.</u>, 110 F.3d 954, 957 (3d Cir. 1997).

Accordingly, we will deny the petition.